# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD LOWERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2710** |
| **BURL CAIN** | **SECTION "N"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the instant petition be **DENIED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

# I.  PROCEDURAL HISTORY[1]

Petitioner, Edward Lowery, is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Lowery was convicted on January 5, 2004, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, of two counts of simple burglary.  The State filed a multiple offender bill of information against Lowery and he was adjudicated to be a fourth felony offender.  Pursuant to his multiple offender status, Lowery was sentenced, as to count one, to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.  As to count two, Lowery was sentenced to twelve years imprisonment at hard labor, to be served concurrently with the enhanced sentence imposed as to count one.

Lowery appealed his convictions and sentences, raising the following six claims:  1) the trial court erred in denying his motion to suppress because he was subjected to an unreasonable search and seizure; 2) the trial court erred in finding Lowery to be a fourth felony offender; 3) he received an excessive sentence; 4) the trial court failed to advise him of the time for seeking post-conviction relief; 5) the trial court erred in adjudicating him to be a fourth-felony offender as one of the prior offenses was punishable by an imprisonment term of less than five years; 6) the trial court erred by considering fingerprints contained in an arrest registry for purposes of adjudicating him to be a fourth-felony offender; and, 7) the

---

[1]A portion of the procedural history was taken from the Louisiana First Circuit Court of Appeal's opinion, *State v. Lowery,* 890 So.2d 711 (La. App. 1 Cir. Dec. 17, 2004).

trial court erred in imposing two sentences. On December 17, 2004, the Louisiana First Circuit Court of Appeal affirmed Lowery's convictions and sentences, but remanded the matter with instructions that the trial court advise Lowery of the applicable time period for seeking post-conviction relief. *State v. Lowery*, 890 So.2d 711 (La. App. 1 Cir. Dec. 17, 2004). On May 13, 2005, the Louisiana Supreme Court denied Lowery's writ application. *State v. Lowery*, 902 So.2d 1018 (La. 2005).

Following the completion of his direct appeal proceedings, Lowery sought post-conviction relief, filing numerous writ applications in the state court system. In particular, Lowery filed the following writ applications which the Louisiana Supreme Court denied.

> 1) *State ex rel. Lowery v. State*, No. 2006-KH-0806, 955 So.2d 674 (2007), wherein Lowery complained that an invalid conviction was used to enhance his sentence.[2] On April 27, 2007, the Louisiana Supreme Court denied his writ application pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.
>
> 2) *State ex rel. Lowery v. State*, No. 2007-KH-2417, 992 So.2d 976 (2008), wherein Lowery sought review of an adverse opinion rejecting his claim that an invalid conviction was used to enhance his sentence.[3] On September 26, 2008, the Louisiana Supreme Court denied Lowery's writ application as repetitive and not cognizable on collateral review, citing La.C.Cr.P. art. 930.4(D); La.C.Cr.P. art. 930.3; and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.

---

[2]A copy of Lowery's writ application in 2006-KH-806 is contained in the State rec., supplemental vol. 1 of 3.

[3]A copy of Lowery's writ application in 2007-KH-2417 is contained in the State rec., supplemental vol. 1 of 3

3) *State ex rel. Lowery v. State*, No. 2008-KH-1007, 996 So.2d 1068 (2008), wherein Lowery requested the state high court to direct the trial court to rule on his post-conviction application.[4] On November 10, 2008, the Louisiana Supreme Court denied his writ application.

4) *State ex rel. Lowery v. State*, No. 2008-KH-1588, 996 So.2d 1068 (2008), wherein Lowery complained that a prior conviction, used to enhance his present sentence, was unconstitutional.[5] On November 10, 2008, the Louisiana Supreme Court denied his writ application as untimely pursuant to La.C.Cr. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

5) *State ex rel. Lowery v. State*, No. 2008-KH-2312, 9 So.3d 866 (2009), wherein Lowery again requested the state high court to order the trial court to rule on his post-conviction application.[6] On June 5, 2009, the Louisiana Supreme Court denied his writ application.

6) *State ex rel. Lowery v. State*, No. 2008-KH-2391, 9 So.3d 868 (2009), wherein Lowery again claimed that his multiple offender adjudication was unconstitutional, noting that the state appellate court declined to address the claim because it was raised on direct appeal.[7] On June 5, 2009, the Louisiana Supreme Court denied Lowery's writ application pursuant to La.C.Cr.P. art. 930.3 and *Melinie*, *supra*.

7) *State ex rel. Lowery v. State*, No. 2009-KH-0246, 45 So.3d 1088 (2010), wherein Lowery once again sought a ruling from the state trial court with

---

[4]A copy of Lowery's writ application in 2008-KH-1007 is contained in the State rec., supplemental vol. 1 of 3.

[5]A copy of Lowery's writ application in 2008-KH-1588 is contained in the State rec., supplemental vol. 2 of 3.

[6]A copy of Lowery's writ application in 2008-KH-2312 is contained in the State rec., supplemental vol. 1 of 3.

[7]A copy of Lowery's writ application in 2008-KH-2391 is contained in the State rec., supplemental vol. 2 of 3.

respect to his post-conviction application.⁸ On October 1, 2010, the Louisiana Supreme Court denied his writ application.

8) *State ex rel. Lowery v. State*, No. 2009-KH-1754, 36 So.3d 225 (2010), wherein Lowery complained that an earlier sentence, used to enhance his present sentence, was imposed illegally.⁹ On May 21, 2010, the Louisiana Supreme Court denied his writ application as untimely pursuant to La.C.Cr.P. art. 930.8 and *Glover*, *supra*.

On June 10, 2010, Lowery filed his first federal habeas application, Civil Action 2010-3908 "N"(6), raising as his sole claim for relief that counsel was ineffective because he failed to gather evidence and/or witnesses. Thereafter, Lowery filed an amended complaint, raising the following claims:

1) the trial court erred in denying his motion to suppress based upon an unreasonable search and seizure;

2) he was denied effective assistance of counsel due to counsel's failure to perform a thorough investigation and failure to prepare a defense;

3) and 4) the prosecution unconstitutionally failed to disclose favorable evidence;

5) he was denied effective assistance of counsel due to counsel's failure to assert inconsistencies in connection with his multiple offender adjudication;

6) he was denied his right to confront witnesses;

7) he received ineffective assistance of counsel due to counsel's failure to impeach witness testimony;

---

⁸A copy of Lowery's writ application in 2009-KH-246 is contained in the State rec., supplemental vol. 1 of 3.

⁹A copy of Lowery's writ application in 2009-KH-1754 is contained in the State rec., supplemental vol. 2 of 3.

8) the trial court erred in admitting checks into evidence;

9) the trial court erred in denying motion for a mistrial;

10) the prosecution improperly vouched for the credibility of a witness;

11) he was denied his right to "cross-examine evidence";

12) he was denied effective assistance of counsel due to counsel's refusal to allow him to testify on his own behalf;

13) his prior conviction could not properly be used to enhance his sentence;

14) his prior conviction was obtained via an involuntary guilty plea;

15) he was denied effective assistance of counsel due to counsel's failure to abide by his request that counsel file a motion to recuse the trial judge and the district attorney.

It is well-established that a federal habeas petitioner must first exhaust state court remedies by bringing his claims before the state courts before proceeding to federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

This court's comparison between Lowery's claims which were adjudicated by the Louisiana Supreme Court and, as such, exhausted, and the claims which Lowery set forth in his habeas petition, reflected that Lowery had failed to exhaust his state court remedies with respect to claims 2), 3), 4), 6), 7), 8), 9), 10), 11), 12), and 15). Accordingly, the court denied

Lowery's habeas application without prejudice due to his failure to exhaust his state court remedies. *Lowery v. Cain*, 2011 WL 3924971 (E.D. La. Aug. 11, 2011) (Moore, MJ.), *adopted* 2011 WL 3957256 (E.D. La. Sept. 2, 2011 (Engelhardt, J.).

On September 21, 2011, Lowery filed the instant application for federal habeas corpus relief. (Fed. rec., doc. 1). In this, his second habeas application, Lowery raises the following claims:

    1) he was subjected to an unreasonable search and seizure;

    2) he received ineffective assistance of counsel due to counsel's failure to perform an adequate investigation;

    3) and 4) the State failed to disclose exculpatory evidence;

    5) counsel was ineffective due to his failure to assert inconsistencies in the multiple offender bill;

    6) he was denied his right to cross-examine adverse witness;

    7) counsel was ineffective due to his failure to impeach State's witness, Ms. Alphonso;

    8) counsel was ineffective due to his failure to file a motion to recuse the judge and district attorney;

    9) counsel was ineffective due to the fact that he did not allow Lowery to testify;

    10) and 11) the trial court erred with regard to the admission of evidence and with regard to his denial of the defense's motion for a mistrial;

    12) and 13) prior convictions were improperly considered in adjudicating petitioner to be a multiple offender;

Since his first federal habeas corpus application (Civil Action 2010-3908), Lowery has filed only one additional post-conviction action, No. 2009-KH-0246, which has been adjudicated by the state's highest court. On October 1, 2010, the Louisiana Supreme Court summarily denied relief in No. 2009-KH-0246. *State ex rel. Lowery v. State*, 45 So.3d 1088 (La. 2010).

A review of Lowery's writ application in the above referenced case reflects a confusing pleading. Lowery states that he "seeks a ruling as to all 19 claims and a ruling as to each of those issues which is now being sent to the Louisiana State Supreme Court". (St. rec., supplemental vol 3, supervisory writ application, p. 2). Lowery, however, makes no mention of and provides no supporting arguments for the "19 claims" which he seeks the Louisiana Supreme Court to adjudicate. Instead, he merely lists six ineffectiveness claims,[10] and attaches pleadings associated with lower court rulings.

Based upon the barebones writ application which Lowery filed with the Louisiana Supreme Court, along with the numerous attachments thereto, it is apparent that Lowery, in an effort to attain relief from the state high court, expected the state high court to review the arguments raised and decisions rendered in connection with his lower court filings. Lowery, in fact, admits that his 19 claims were not included in the writ of certiorari he filed with the

---

[10]Lowery lists the following ineffectiveness claims: 1) counsel failed to conduct a thorough investigation with regard to several aspects of petitioner's case; 2) counsel failed "to assert inconsistencies" in petitioner's multiple offender proceedings; 3) counsel failed to impeach the State's witness, Ms. Alphonso; 4) counsel failed to allow petitioner to testify on his own behalf. (Writ application, p. 2).

8

state high court. Instead, he "submitted everything [he] filed with the First Circuit Court of Appeal with the Supreme Court." (Fed. rec., doc. 8, motion to stay, p. 8). As shown below, such a writ application is insufficient for purposes of proceeding to federal court to seek habeas corpus relief.

In *Baldwin v. Reese*, 541 U.S. 27, 31, 124 S.Ct. 1347, 1350, 158 L.Ed.2d 64 (2004), the Supreme Court reviewed the well-settled law regarding a habeas petitioner's exhaustion requirement.

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights [quotations omitted]. To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim [citations omitted].

Thereafter, the Court determined that in order to satisfy the "fair presentation" requirement, a habeas petitioner must present his claims in the writ application presented to the higher state court rather than relying on pleadings submitted to lower courts. Specifically, the Court provided:

> [T]o say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions-for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance. In our view, federal habeas corpus law does not impose such a requirement.

*Id*. [Emphasis original].

Based upon the above, this court finds that petitioner, Edward Lowery, once again, has failed to exhaust his state court remedies. A review of his post-conviction claims (*see supra* at pp. 3-5)

9

and direct appeal claims (*see supra* at pp. 2-3) properly brought to and adjudicated by the Louisiana Supreme Court, along with the listed ineffectiveness claims contained in his most recent state supreme court proceeding (2009-KH-0246), reflects that Lowery has failed to exhaust his state court remedies with respect to the following claims presently before this court:

>3) and 4) the State failed to disclose exculpatory evidence;

>6) he was denied his right to cross-examine an adverse witness;

>8) counsel erred in failing to file a motion to recuse the judge and district attorney;

>10) and 11) the trial court erred with regard to the admission of evidence and in denying his motion for a mistrial.

In a situation such as this, where a petitioner raises both exhausted and unexhausted claims, presenting a "mixed" petition to the court, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court observed:

>As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of *Lundy's* total exhaustion requirement", is reducing the potential for delay in finalizing state court judgments and encouraging litigants to bring all their claims to state court before bringing them to federal court. *Rhines*, 544 U.S. at 276-77, 125 S.Ct. at 1534. The Court warned that staying federal habeas corpus petitions and holding them in abeyance, "if employed too frequently, has the potential to undermine [the above-described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534. With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court**. [Emphasis added.]

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

In his motion to stay the instant action, Lowery complains that the district court, the Twenty-Second Judicial District Court for the Parish of St. Tammany, erroneously determined that Lowery had abandoned several of his 19 claims and, as such, did not address them all, limiting its decision to his ineffective assistance of counsel claims. Lowery seeks to stay his federal habeas action in order "to amend the writ of habeas corpus or in the alternative [have this] court hold a hearing ... or remand the case back to [the district court] .... ordering the [district court] to hear [all 19] claims ...." (Fed. rec., doc. 8, motion to stay, p. 8).

The basis for this court's finding that Lowery has not exhausted his state court remedies is not the fact that the state district court failed to rule on all of the 19 claims set forth in the post-conviction application which Lowery filed with the district court. Instead, it is because Lowery failed to properly present his 19 claims to the Louisiana Supreme Court. As such, the court finds that Lowery has failed to show "good cause" for his failure to exhaust his 19 claims by properly presenting said claims to the Louisiana Supreme Court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Edward Lowery for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** without prejudice for failure to exhaust state remedies.[11]

---

[11] Lowery is, of course, always free to abandon his unexhausted claims and proceed only on the exhausted claims. *See Lundy*, 455 U.S. at 510, 102 S.Ct. At 1199.

It is further **RECOMMENDED** that Lowery's motion to stay (fed. rec., doc. 8) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[12]

New Orleans, Louisiana, this __16th__ day of __February__, 2012.

 

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[12]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.